## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**ABG-CHAMPION LLC,**

    *Plaintiff,*

v.

**227 FCNB Store; A.M ENTERPRISES;
Aixingcheng0513 Store; As343829621 Store;
Authentic Men Clothing Store; B.S LEATHER
WEARS; Ceses Store; Children Animation
Clothing Preferred Store; Children Clothing
Trends Store; Children&#39;s Cartoon Clothing
1 Store; CLUSH INDUSTRIES; CX Kuson Store;
Da Hope Clothing Factory Store Store; Decor
Nice Room Store; Disney Five Store; Disney Four
Store; Disney Six Store; Dongguan B.Bontic
Color Printing Co., Ltd.; Dongguan Baoli
Garment Accessories Co., Ltd.; Dongguan Batu
Printing Material Co., Ltd.; Dongguan Dishan
Garment Accessories Ltd.; Dongguan Gaoshuo
Electronic Materials Co., Ltd.; Dongguan Junyi
Packaging Products Co., Ltd.; Dongguan Lianqin
Industrial Development Co., Ltd.; Dongguan Mei
Yue Clothing Co., Ltd.; Dongguan Oubo
Garment Accessories Co., Ltd.; Dongguan Shipai
Dewang Polybag Factory; DS LEGEND
CAMBODIA FACTORING LTD; Everyone Is
Happyyy Store; Fairy Tale World Children
Clothing Store; Fashion Cushion Cover Home
Decor Store; Fashion Innovation Clothes Shop
Store; Feifeidamai Store; FHNBLJ Flexible RGB
22 Store; Foshan Shunde District Junan Town
Benying Color Printing Packaging Factory;
Fujian Shishi Qianglusi Garment Co., Ltd.;**

**SEALED**

Civil Action No.

Jury Trial Demanded

Fuzhou Haite Electrical And Mechanical Co., Ltd.; GLOBAL APPAREL; Global Top Men Clothing Store; Guangzhou City Baiyun District Jingxi Biaoao Casual Clothing Firm; Guangzhou Hissen International Trade Limited Company; Guangzhou Liwan District Jiashitang Clothing Design Service Department; Guangzhou Mingying Trading Co., Ltd.; Guangzhou Nanming Trading Co., Ltd.; Guangzhou Nasi Weaving Co., Ltd.; Guangzhou Riching Renewable Resources Co., Ltd.; Guangzhou Shining Advertising Co., Ltd; Guangzhou Xinzhuo Apparel Co., Ltd.; Guangzhou Zagumi Commercial And Trade Company Limited; GUANGZHOU ZAGUMI TRADING CO., LIMITED; GULLEE SPORTS; Haiyan Pulite Printing Industry Co., Ltd.; Hangzhou Hachong Pet Products Co., Ltd.; Hangzhou Zhilegu Technology Co., Ltd.; HEAVEN EARTH; Highlights Decor Store; Hikaru Genji Home Decor Store; Home Furnishing Specialty Store; Hou Chen Fu Shi Zhu Store; Huizhou Hongjie Garment Accessories Co., Ltd.; Hunan Bosida Import and Export Co., LTD; Jewedsr CC Store; Jiang Hongyan 4 Clothing Store; JIANZHU Global Store; Jiaxing Yunshang New Material Technology Co., Ltd.; Jinan Deyun Household Co., Ltd.; Jinghui Hat-making (Yangjiang) Co., Ltd; Jurong Dongyu Knitwear Co., Ltd.; KAIMAX INTERNATIONAL; Kids Fashion Party Store; Laumango Spin Exclusive Store; Little Ancestor Children&#39;s Clothing Store; Lucky Garment Factory Store Store; MARSS OUTWEAR CREATION; MATRIX APPARELS TRADE LINK; MEN FA Store; Men Hoodies Store; MEOW FASHION; NAIZMH ENTERPRISES; Nanping City Yanping District

**Wenying Trading Firm(Individual Business); New Entrepreneurs Seek Protection 001 Store; Oneaixingcheng Store; Panteen Store; PI SOURCING LTD.; POMEN Store; Qichen Zhizao Technology Development (shanghai) Co., Ltd.; Qingdao Green Mountain Industry And Trade Co., Ltd.; QINGDAO HANBEE GARMENTS & CAPS CO.,LTD.; Quanzhou Kaihui Clothes Co., Ltd.; Quanzhou Youwuji Apparel Co., Ltd.; Rainbow Lollipop Children Store; RECENT INTERNATIONAL; SALAMIN ENTERPRISES; Sanhecai (xiamen) Advertising Co., Ltd.; SARAMA SPORTS; Shanghai Ace Webbing Co., ltd.; Shangrao Ruiqun Clothing Co., Ltd.; Shenzhen BiSen Gifts & Arts  Co.,Ltd; Shenzhen Fancy Packaging Products Co., Ltd.; Shining Starlight Store; Shishi City Congzhong Trading Co., Ltd.; Shop20240514 Store; Shop1102301247 Store; Shop1102302027 Store; Shop1102598497 Store; Shop1102815347 Store; Shop1102816654 Store; Shop1102820784 Store; Shop1102899501 Store; Shop1102925392 Store; Shop1102999637 Store; Shop1103107254 Store; Shop1103132200 Store; Shop1103188832 Store; Shop1103261019 Store; Shop1103265333 Store; Shop1103265648 Store; Shop1103296062 Store; Shop1103401120 Store; Shop1103404096 Store; Shop1103414109 Store; Shop1103483052 Store; Shop1103489092 Store; Shop1103504005 Store; Shop1103538201 Store; Shop1103574079 Store; Shop1103575082 Store; Shop1103582056 Store; Shop1103609726 Store; Shop1103612026 Store; Shop1103614282 Store; Shop1103617603 Store; Shop1103622505 Store; Shop1103623011 Store; Shop1103631290 Store; Shop1103672870 Store; Shop1103674962 Store; Shop1103693007 Store; Shop1103698016 Store; Shop1103710003 Store;**

Shop1103739403 Store; Shop1103742048 Store;
Shop1103743342 Store; Shop1103750620 Store;
Shop1103765430 Store; Shop1103768332 Store;
Shop1103770079 Store; Shop1103778476 Store;
Shop1103781086 Store; Shop1103781431 Store;
Shop1103806439 Store; Shop1103811005 Store;
Shop1103842077 Store; Shop1103843479 Store;
Shop1103845573 Store; Shop1103845579 Store;
Shop1103853107 Store; Shop1103853624 Store;
Shop1103854690 Store; Shop1103855843 Store;
Shop1103855851 Store; Shop1103858534 Store;
Shop1103861718 Store; Shop1103863817 Store;
Shop1103865087 Store; Shop1103878854 Store;
Shop1103879446 Store; Shop1103881481 Store;
Shop1103887076 Store; Shop1103889626 Store;
Shop1103908032 Store; Shop1103918238 Store;
Shop1103921002 Store; Shop1103931178 Store;
Shop1103936585 Store; Shop1103940100 Store;
Shop1103942185 Store; Shop1103947258 Store;
Shop1103956034 Store; Shop1103972008 Store;
Shop1103979185 Store; Shop1103994410 Store;
Shop1103994440 Store; Shop1103994572 Store;
Shop1103995384 Store; Shop1103998057 Store;
Shop1104002325 Store; Shop1104002413 Store;
Shop1104003882 Store; Shop1104016083 Store;
Shop1104027128 Store; Shop1104028362 Store;
Shop1104029149 Store; Shop1104040068 Store;
Shop1104047017 Store; Shop1104058130 Store;
Shop1104062692 Store; Shop1104065351 Store;
Shop1104065688 Store; Shop1104069765 Store;
Shop1104071213 Store; Shop1104091384 Store;
Shop1104092406 Store; Shop1104104140 Store;
Shop1104111589 Store; Shop1104118312 Store;
Shop1104121045 Store; Shop1104129454 Store;
Shop1104195325 Store; Shop1104210873 Store;
Shop1104213984 Store; Shop1104262432 Store;
Shop1104262461 Store; Shop1104278353 Store;

**Shop1104303736 Store; Shop1104339040 Store; Shop1104339146 Store; Shop1104340658 Store; Shop1104342141 Store; Shop1104343587 Store; Shop1104343592 Store; Shop1104345497 Store; Shop1104388289 Store; Shop1104389352 Store; Shop1104401679 Store; Shop1104406047 Store; Shop1104406586 Store; Shop1104466068 Store; Shop1104470054 Store; Shop1104481038 Store; Shop1104482619 Store; Shop1104491316 Store; Shop1104492317 Store; Shop1104596022 Store; Shop1104601053 Store; SKINET INTERNATIONAL; Sonic Clothes Store; Spider Lily Home Decor Store; STITCHES; Tide 1 Shop Store; Trend Decode Store; TRIMASS FASHION; Twinkle Little Star Store; Warm Accompaniment Store; Wenzhou Hualian Printing Co., Ltd.; Wenzhou Jit Packaging Co., Ltd.; Xiamen Iewansun Import & Export Co., Ltd.; Yige Fashion (xiamen) Trading Co., Ltd.; Yiwu Huixin Trading Co., Ltd.; YNDFCNB Luxury PC 21 Store; You Are Really Beautiful Store; Zhenjiang Pace-Setter Textile Co., Ltd.; ZK INTERNATIONAL; Zyt9306195 Store; and 波6 Store,**

*Defendants.*

## **COMPLAINT**

1)      This is an action for trademark infringement in violation of 15 U.S.C.

§ 1114, false designation of origin and/or false endorsement in violation of 15

U.S.C. §1125(a), as well as common law trademark infringement and unfair

competition.

2)      This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the remaining common law claims pursuant to 28 U.S.C. § 1367.

3)      This Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2) because, on information and belief, no Defendant is subject to the jurisdiction of any state's court of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

4)      Alternatively, this Court has personal jurisdiction over Defendants because Defendants, on information and belief, either transact business within Georgia or have committed a tortious injury within Georgia caused by an act or omission outside the state and regularly do or solicit business, or engage in other persistent courses of conduct, or derive substantial revenue from goods used or consumed in Georgia.

5)      Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## THE PARTIES

6)      Plaintiff ABG-Champion LLC ("Plaintiff") is a limited liability company organized and existing under the laws of the State of Delaware.

6

7)     On information and belief, Defendants 227 FCNB Store; A.M

ENTERPRISES; Aixingcheng0513 Store; As343829621 Store; Authentic Men

Clothing Store; B.S LEATHER WEARS; Ceses Store; Children Animation

Clothing Preferred Store; Children Clothing Trends Store; Children&#39;s

Cartoon Clothing 1 Store; CLUSH INDUSTRIES; CX Kuson Store; Da Hope

Clothing Factory Store Store; Decor Nice Room Store; Disney Five Store; Disney

Four Store; Disney Six Store; Dongguan B.Bontic Color Printing Co., Ltd.;

Dongguan Baoli Garment Accessories Co., Ltd.; Dongguan Batu Printing Material

Co., Ltd.; Dongguan Dishan Garment Accessories Ltd.; Dongguan Gaoshuo

Electronic Materials Co., Ltd.; Dongguan Junyi Packaging Products Co., Ltd.;

Dongguan Lianqin Industrial Development Co., Ltd.; Dongguan Mei Yue Clothing

Co., Ltd.; Dongguan Oubo Garment Accessories Co., Ltd.; Dongguan Shipai

Dewang Polybag Factory; DS LEGEND CAMBODIA FACTORING LTD;

Everyone Is Happyyy Store; Fairy Tale World Children Clothing Store; Fashion

Cushion Cover Home Decor Store; Fashion Innovation Clothes Shop Store;

Feifeidamai Store; FHNBLJ Flexible RGB 22 Store; Foshan Shunde District Junan

Town Benying Color Printing Packaging Factory; Fujian Shishi Qianglusi Garment

Co., Ltd.; Fuzhou Haite Electrical And Mechanical Co., Ltd.; GLOBAL

APPAREL; Global Top Men Clothing Store; Guangzhou City Baiyun District

Jingxi Biaoao Casual Clothing Firm; Guangzhou Hissen International Trade Limited Company; Guangzhou Liwan District Jiashitang Clothing Design Service Department; Guangzhou Mingying Trading Co., Ltd.; Guangzhou Nanming Trading Co., Ltd.; Guangzhou Nasi Weaving Co., Ltd.; Guangzhou Riching Renewable Resources Co., Ltd.; Guangzhou Shining Advertising Co., Ltd; Guangzhou Xinzhuo Apparel Co., Ltd.; Guangzhou Zagumi Commercial And Trade Company Limited; GUANGZHOU ZAGUMI TRADING CO., LIMITED; GULLEE SPORTS; Haiyan Pulite Printing Industry Co., Ltd.; Hangzhou Hachong Pet Products Co., Ltd.; Hangzhou Zhilegu Technology Co., Ltd.; HEAVEN EARTH; Highlights Decor Store; Hikaru Genji Home Decor Store; Home Furnishing Specialty Store; Hou Chen Fu Shi Zhu Store; Huizhou Hongjie Garment Accessories Co., Ltd.; Hunan Bosida Import and Export Co., LTD; Jewedsr CC Store; Jiang Hongyan 4 Clothing Store; JIANZHU Global Store; Jiaxing Yunshang New Material Technology Co., Ltd.; Jinan Deyun Household Co., Ltd.; Jinghui Hat-making (Yangjiang) Co., Ltd; Jurong Dongyu Knitwear Co., Ltd.; KAIMAX INTERNATIONAL; Kids Fashion Party Store; Laumango Spin Exclusive Store; Little Ancestor Children&#39;s Clothing Store Store; Lucky Garment Factory Store Store; MARSS OUTWEAR CREATION; MATRIX APPARELS TRADE LINK; MEN FA Store; Men Hoodies Store; MEOW

8

FASHION; NAIZMH ENTERPRISES; Nanping City Yanping District Wenying Trading Firm(Individual Business); New Entrepreneurs Seek Protection 001 Store; Oneaixingcheng Store; Panteen Store; PI SOURCING LTD.; POMEN Store; Qichen Zhizao Technology Development (shanghai) Co., Ltd.; Qingdao Green Mountain Industry And Trade Co., Ltd.; QINGDAO HANBEE GARMENTS & CAPS CO.,LTD.; Quanzhou Kaihui Clothes Co., Ltd.; Quanzhou Youwuji Apparel Co., Ltd.; Rainbow Lollipop Children Store; RECENT INTERNATIONAL; SALAMIN ENTERPRISES; Sanhecai (xiamen) Advertising Co., Ltd.; SARAMA SPORTS; Shanghai Ace Webbing Co., ltd.; Shangrao Ruiqun Clothing Co., Ltd.; Shenzhen BiSen Gifts & Arts  Co.,Ltd; Shenzhen Fancy Packaging Products Co., Ltd.; Shining Starlight Store; Shishi City Congzhong Trading Co., Ltd.; Shop20240514 Store; Shop1102301247 Store; Shop1102302027 Store; Shop1102598497 Store; Shop1102815347 Store; Shop1102816654 Store; Shop1102820784 Store; Shop1102899501 Store; Shop1102925392 Store; Shop1102999637 Store; Shop1103107254 Store; Shop1103132200 Store; Shop1103188832 Store; Shop1103261019 Store; Shop1103265333 Store; Shop1103265648 Store; Shop1103296062 Store; Shop1103401120 Store; Shop1103404096 Store; Shop1103414109 Store; Shop1103483052 Store; Shop1103489092 Store; Shop1103504005 Store; Shop1103538201 Store;

Shop1103574079 Store; Shop1103575082 Store; Shop1103582056 Store;

Shop1103609726 Store; Shop1103612026 Store; Shop1103614282 Store;

Shop1103617603 Store; Shop1103622505 Store; Shop1103623011 Store;

Shop1103631290 Store; Shop1103672870 Store; Shop1103674962 Store;

Shop1103693007 Store; Shop1103698016 Store; Shop1103710003 Store;

Shop1103739403 Store; Shop1103742048 Store; Shop1103743342 Store;

Shop1103750620 Store; Shop1103765430 Store; Shop1103768332 Store;

Shop1103770079 Store; Shop1103778476 Store; Shop1103781086 Store;

Shop1103781431 Store; Shop1103806439 Store; Shop1103811005 Store;

Shop1103842077 Store; Shop1103843479 Store; Shop1103845573 Store;

Shop1103845579 Store; Shop1103853107 Store; Shop1103853624 Store;

Shop1103854690 Store; Shop1103855843 Store; Shop1103855851 Store;

Shop1103858534 Store; Shop1103861718 Store; Shop1103863817 Store;

Shop1103865087 Store; Shop1103878854 Store; Shop1103879446 Store;

Shop1103881481 Store; Shop1103887076 Store; Shop1103889626 Store;

Shop1103908032 Store; Shop1103918238 Store; Shop1103921002 Store;

Shop1103931178 Store; Shop1103936585 Store; Shop1103940100 Store;

Shop1103942185 Store; Shop1103947258 Store; Shop1103956034 Store;

Shop1103972008 Store; Shop1103979185 Store; Shop1103994410 Store;

Shop1103994440 Store; Shop1103994572 Store; Shop1103995384 Store;

Shop1103998057 Store; Shop1104002325 Store; Shop1104002413 Store;

Shop1104003882 Store; Shop1104016083 Store; Shop1104027128 Store;

Shop1104028362 Store; Shop1104029149 Store; Shop1104040068 Store;

Shop1104047017 Store; Shop1104058130 Store; Shop1104062692 Store;

Shop1104065351 Store; Shop1104065688 Store; Shop1104069765 Store;

Shop1104071213 Store; Shop1104091384 Store; Shop1104092406 Store;

Shop1104104140 Store; Shop1104111589 Store; Shop1104118312 Store;

Shop1104121045 Store; Shop1104129454 Store; Shop1104195325 Store;

Shop1104210873 Store; Shop1104213984 Store; Shop1104262432 Store;

Shop1104262461 Store; Shop1104278353 Store; Shop1104303736 Store;

Shop1104339040 Store; Shop1104339146 Store; Shop1104340658 Store;

Shop1104342141 Store; Shop1104343587 Store; Shop1104343592 Store;

Shop1104345497 Store; Shop1104388289 Store; Shop1104389352 Store;

Shop1104401679 Store; Shop1104406047 Store; Shop1104406586 Store;

Shop1104466068 Store; Shop1104470054 Store; Shop1104481038 Store;

Shop1104482619 Store; Shop1104491316 Store; Shop1104492317 Store;

Shop1104596022 Store; Shop1104601053 Store; SKINET INTERNATIONAL;

Sonic Clothes Store; Spider Lily Home Decor Store; STITCHES; Tide 1 Shop

Store; Trend Decode Store; TRIMASS FASHION; Twinkle Little Star Store; Warm Accompaniment Store; Wenzhou Hualian Printing Co., Ltd.; Wenzhou Jit Packaging Co., Ltd.; Xiamen Iewansun Import & Export Co., Ltd.; Yige Fashion (xiamen) Trading Co., Ltd.; Yiwu Huixin Trading Co., Ltd.; YNDFCNB Luxury PC 21 Store; You Are Really Beautiful Store; Zhenjiang Pace-Setter Textile Co., Ltd.; ZK INTERNATIONAL; Zyt9306195 Store; and 波6 Store ("Defendants") are foreign entities, associations, or individuals with unknown locations, all of whom advertise and sell a variety of goods through their virtual storefronts on various e-commerce marketplaces, such as Alibaba, AliExpress, Amazon, DHGate, eBay, Etsy, Joom, Printerval, Temu, Walmart, and Wish (each a "Marketplace" and collectively the "Marketplaces").

8)    Each Defendant is known to Plaintiff only by its unique Marketplace name and ID number.

## RELEVANT FACTS

### Plaintiff's Trademarks

9)    Plaintiff owns all intellectual property, including all trademark rights, of the CHAMPION brand, which designs, markets, and distributes sportswear for men, women, and children and related goods.

10)     Plaintiff owns numerous federally registered and common law trademarks for its valuable trademark rights including, but not limited to, CHAMPION, BE YOUR OWN CHAMPION, C9, C9 BY CHAMPION, C9 CHAMPION, CHAMPION SPORTS, the CHAMPION Design logo, several C Design logos, the C9 Design logo, and many others (collectively, "Plaintiff's Marks").  Each of Plaintiff's Marks is valid and enforceable, and many are incontestable.

11)     Attached hereto as Exhibit A are true and correct copies of federal certificates of registration for certain of Plaintiff's Marks.

12)     Plaintiff's Marks have been consistently used in commerce for many years, some since as early as 1954, and cover a multitude of products, including, but not limited to, clothing, footwear and accessories for men, women and children, athletic uniforms, backpacks, athletic bags, school and travel bags, wallets, blankets, throws, eyewear and related accessories, pet clothing, key rings, lanyards, lapel pins, mobile telephone accessories, exercise equipment, umbrellas, retail store services, and more.  Plaintiff has not abandoned any of Plaintiff's Marks.

13)     As a result of Plaintiff's extensive use of Plaintiff's Marks in commerce, through sale of goods, offering for sale of goods, advertising,

13

promotion, or otherwise, Plaintiff's Marks have achieved considerable goodwill throughout the United States and the world.

14) As a result of Plaintiff's extensive use of Plaintiff's Marks for many years, consumers have come to recognize Plaintiff's Marks as indicating products emanating from Plaintiff or its licensees.

15) On information and belief, each Defendant sells, offers for sale, distributes, and/or advertises goods to customers in the United States, including in this judicial district.

16) Each Defendant uses in commerce a reproduction, counterfeit, copy, or colorable imitation of one or more of Plaintiff's Marks on or in connection with the sale, offer for sale, distribution, or advertising of goods on their respective virtual storefronts on the Marketplaces.

17) Plaintiff has captured screenshots of the infringing product listings at issue on the Marketplaces for each Defendant and has attached them hereto as Exhibit B.

18) None of the Defendants is authorized to sell, offer for sale, distribute, or advertise any goods under or in connection with any of Plaintiff's Marks.

19) On information and belief, each Defendant: (a) sources infringing goods from one or more of the same suppliers or manufacturers who facilitate,

instruct, and/or coordinate each of the Defendants' actions; (b) utilizes identical product descriptions (including identical grammar errors and misspellings), product images, sequences of product images, pricing structures, payment options, shipping information, keywords, metadata, and other indicia of purposeful relatedness; (c) operates multiple virtual storefronts within and across multiple Marketplaces; and (d) participates in on-line forums dedicated to avoiding or minimizing liability. Therefore, on information and belief, Defendants are working together to knowingly and willfully sell, offer for sale, distribute, or advertise infringing goods in the same transaction, occurrence, or series of transactions or occurrences.

## COUNT I.

## INFRINGEMENT OF A REGISTERED TRADEMARK IN VIOLATION OF 15 U.S.C. § 1114

20)    Paragraphs 1-19 are realleged and incorporated herein by reference.

21)    Each Defendant is using in commerce one or more reproductions, counterfeits, copies, or colorable imitations of one or more of Plaintiff's Marks in connection with the sale, offering for sale, distribution, or advertising of goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of each Defendant's goods.

22)     Each Defendant's aforesaid actions are likely to cause damage and other irreparable injury to Plaintiff unless such actions are enjoined by this Court, Plaintiff having no adequate remedy at law.

23)     Each Defendant's aforesaid actions constitutes an infringement of Plaintiff's rights in and to its federally registered Marks in violation of 15 U.S.C. § 1114.

24)     After a reasonable opportunity for further investigation and discovery, it is likely the evidence will show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks and knowledge that such acts are likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of its goods. Each Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

25)     In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from each Defendant: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of each Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

26)     Plaintiff is further entitled to an award of three times its damages or profits from each Defendant found to be intentionally using a counterfeit mark, pursuant to 15 U.S.C. § 1117(b).

27)     Alternatively, Plaintiff is entitled to an award of statutory damages of not less than $1,000 or more than $2,000,000 per counterfeit mark per type of good sold or offered for sale pursuant to 15 U.S.C. § 1117(c).

28)     Plaintiff has been and will continue to be irreparably damaged by each Defendant's aforesaid acts unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

## COUNT II.

## FALSE DESIGNATION OF ORIGIN AND/OR FALSE ENDORSEMENT IN VIOLATION OF 15 U.S.C. § 1125(a)

29)     Paragraphs 1-19 are realleged and incorporated herein by reference.

30)     Each Defendant is using in commerce a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact on or in connection with its goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of each Defendant with Plaintiff, or as to the origin, sponsorship, or approval of each Defendant's goods or commercial activities by Plaintiff.

17

31)     After a reasonable opportunity for further investigation and discovery, it is likely the evidence will show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks and knowledge that such acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of each Defendant with Plaintiff, or as to the origin, sponsorship, or approval of each Defendant's goods or commercial activities by Plaintiff. Each Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

32)     Defendants' acts constitute false designation of origin and/or false endorsement in violation of 15 U.S.C. § 1125(a).

33)     In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from each Defendant: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of each Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

34)     Plaintiff has been and will continue to be irreparably damaged by each Defendant's aforesaid acts unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

18

## COUNT III.

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

35)     Paragraphs 1-19 are realleged and incorporated herein by reference.

36)     Each Defendant's use of one or more marks that is confusingly similar to one or more of Plaintiff's Marks, in connection with goods which are the same as or are competitive with Plaintiff's goods, is likely to cause confusion, to cause mistake, and to deceive as to the source or origin of its goods.

37)     Each Defendant is offering its goods for sale with full knowledge of Plaintiff's Marks.

38)     Each Defendant has promoted and offered for sale its goods in such a manner as to suggest an association, affiliation, or sponsorship with, or approval by Plaintiff, or so as to cause, or be likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of Plaintiff's or Defendants' goods, all to Defendants' profit and to Plaintiff's damage.

39)     Plaintiff is entitled to recover from each Defendant actual and compensatory damages in an amount to be proven at trial in addition to any other available remedies.

40)     Each Defendant's aforesaid conduct constitutes infringement of Plaintiff's common law rights in and to Plaintiff's Marks and further constitutes

19

common law unfair competition, all of which has irreparably damaged and/or will irreparably damage Plaintiff, together with its goodwill and reputation, unless Defendants are enjoined and restrained by this Court, Plaintiff having no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment of the Court as follows:

1)      That Defendants, and those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from advertising, offering for sale, or selling any goods under or in connection with Plaintiff's Marks or any other designation, trademark, or service mark that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Plaintiff's or Defendants' goods, or from otherwise infringing Plaintiff's Marks;

2)      That an accounting be conducted and judgment be rendered against each Defendant for:

a)      all profits received by each Defendant from the sale of goods under or in connection with Plaintiff's Marks in the United States;

b)      all damages in an amount proven at trial from, *inter alia*, each Defendant's trademark infringement, false designation of origin, and false endorsement, pursuant to 15 U.S.C. § 1117; and

c)    any other actual and compensatory damages in an amount not presently known but to be computed during the pendency of this action.

3)    That any damages assessed against any Defendant for trademark infringement, false designation of origin, and/or false endorsement be trebled as provided by 15 U.S.C. § 1117, and any profits be enhanced as warranted;

4)    Alternatively, that Plaintiff be awarded statutory damages from each Defendant found to be using a counterfeit mark of no less than $1,000 and no more than $2,000,000 per mark per type of good sold;

5)    That each Defendant be directed to file with the Court and serve upon Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which each has complied with the injunctions requested in the immediately preceding paragraphs and any other provision of this Court's Order;

6)    That Plaintiff have and recover its costs in this suit, including but not limited to reasonable attorney's fees and expenses; and

7)    That Plaintiff have such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.


Dated: March 24, 2025.

Respectfully submitted,

THE SLADKUS LAW GROUP

*s/Carrie A. Hanlon*
Carrie A. Hanlon
Ga. Bar No. 289725
E-mail: carrie@sladlaw.com
Jason H. Cooper
Ga. Bar No. 778884
E-mail: jason@sladlaw.com

1397 Carroll Drive
Atlanta, GA 30318
Telephone: (404) 252-0900
Facsimile: (404) 252-0970

**Attorneys for Plaintiff**