IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ABG-CHAMPION LLC,**  *Plaintiff*,  v.  **227 FCNB Store,** *et al.,*  *Defendants.* | **SEALED**  Civil Action No. |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR AUTHORIZATION TO SERVE
PROCESS ON DEFENDANTS BY ELECTRONIC MEANS
PURSUANT TO FED. R. CIV. P. 4(f)(3)**

**INTRODUCTION**

This is an action for trademark infringement and counterfeiting. Each Defendant is believed to be a non-U.S. entity, association, or individual, located in China or elsewhere in Asia, each of whom sells, offers for sale, distributes, and/or advertises goods through its virtual storefronts on various e-commerce marketplaces, such as Alibaba, AliExpress, Amazon, DHGate, eBay, Etsy, Joom, Printerval, Temu, Walmart, and Wish (each a "Marketplace" and collectively the "Marketplaces"). Each Defendant uses in commerce a reproduction, counterfeit, copy, or colorable imitation of one or more of Plaintiff's Marks on or in connection

with the sale, offer for sale, distribution, or advertising of goods on their respective virtual storefronts on the Marketplaces ("Counterfeit Products"). As set forth below, because each Defendant operates solely online, electronic service is the method of service most likely to successfully provide Defendants with notice of the lawsuit and an opportunity to appear. As such, Plaintiff respectfully requests the Court grant the instant motion.

## STATEMENT OF FACTS

Most Marketplace sellers, like Defendants, do not provide complete or accurate physical contact information regarding themselves or their Store. Some Marketplaces even allow sellers to operate with complete anonymity and do not disclose any information about the seller or the Store whatsoever. Plaintiff's counsel has sent countless demand letters to substantially similar merchants located in China. These merchants rarely, if ever, publish an accurate identity, physical address, or other contact information. Moreover, when they do purport to provide a business address, it is usually either incomplete or false.

In Plaintiff's counsel's years of representing IPR owners, it has yet to receive a response to a demand letter sent to an individual or company in China that was sent to the published address. The contact information typically published by a seller in any Marketplace is rarely complete, and while the published

information might lead to a certain city or region in China, there is rarely, if ever, the type of specific physical location information required to successfully deliver a demand letter, let alone effectuate personal service. Some platforms do not even require users to provide their actual name and a physical address.

Based on Plaintiff's counsel's first-hand knowledge of similar cases, the overwhelming majority of the defendants in these cases are able to be successfully served with process and other documents via the email addresses on file with the Marketplaces and/or through the Marketplaces' built-in messaging systems. Generally, almost immediately after being served electronically via either of those two methods, the majority of the defendants contact Plaintiff's counsel either directly or through counsel to try to settle the lawsuit. The most effective and reliable way to communicate with these defendants is electronically, via the email addresses on file with the Marketplaces and/or through the Marketplaces themselves. (Declaration of Jeffrey B. Sladkus ¶¶ 13-16, 23-26.)

## LEGAL ARGUMENT AND CITATION OF AUTHORITY

### I.  APPLICABLE LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 4(h), corporations may be served outside the United States in any manner prescribed by Rule 4(f) for serving an individual,

except personal service. FED. R. CIV. P. 4(h)(2). Rule 4(f), in turn, provides that an individual outside the United States may be served in one of the following ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> […] (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f). A plaintiff is not required to serve a person or corporation outside of the United States pursuant to the provisions of the Hague Service Convention "where the address of the person to be served with the document is not known." Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, Art. 1, 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163.

Rule 4(f)(3) permits alternative methods of service so long as those methods are consistent with due process, are not prohibited by international agreement, and are approved by the Court. *Brookshire Bros., Ltd. v. Chiquita Brands Int'l*, 2007 WL 1577771, at *2 (S.D. Fla. 2007) (denying motion to quash where the Court previously granted motion to serve by alternative means); *Rio Props. Inc., v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (affirming trial court's authorization of service pursuant to Rule 4(f)(3) without first exhausting all other options). Due process requires that persons whose property interests are at risk due to government action receive notice and an opportunity to be heard. *Thomas v. United States*, 681 Fed. Appx. 787, 790 (11th Cir. 2017). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The decision to allow service by alternate means will be reviewed for an abuse of discretion. *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 922 (11th Cir. 2003).

## II. PLAINTIFF IS NOT REQUIRED TO SERVE DEFENDANTS THROUGH THE HAGUE SERVICE CONVENTION BECAUSE THE DEFENDANTS' ADDRESSES ARE UNKNOWN.

Based on Plaintiff's counsel's prior experience in numerous similar cases, Plaintiff reasonably believes all Defendants are located in China or elsewhere in Asia. Indeed, "China continues to be the number one source of counterfeit products in the world. Counterfeit and pirated goods from China, together with transshipped goods from China to Hong Kong, accounted for 75% of the value . . . of counterfeit and pirated goods seized by U.S. Customs and Border Protection (CBP) in 2021." Office of the United States Trade Representative Executive Office of the President, *2022 Review of Notorious Markets for Counterfeiting and Piracy*, https://ustr.gov/sites/default/files/2023-01/2022%20Notorious%20Markets%20List%20(final).pdf (last viewed 3.9.23).However, most Marketplace sellers do not provide complete or accurate physical contact information. The contact information typically published by a seller in any Marketplace is rarely complete, and while the published information might lead to a certain city or region in China, there is rarely, if ever, the type of specific physical location information required to successfully deliver a demand letter, let alone effectuate personal service. Some platforms do not even require users to provide their actual name and a physical address. Thus, Plaintiff does not

6

know the actual physical address of any Defendant. (Declaration of Jeffrey B. Sladkus ¶¶ 13-15.) Sellers of counterfeit products prefer to remain anonymous to avoid being held accountable for their conduct.

Because Plaintiff does not know the Defendants' actual physical addresses, it is not required to serve process on the Defendants pursuant to the Hague Service Convention. *U.S. Commodity Futures Trading Comm'n v. Rubio*, 2012 WL 3614360, at *2 (S.D. Fla. 2012) (holding that "the Hague Service Convention is not applicable here because it 'shall not apply where the address of the person to be served with the documents is not known.'"); *Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412, at *2 (S.D.N.Y. 2007) (finding the Hague Service Convention inapplicable because physical addresses could not be confirmed as valid).

### III.   SERVICE BY ELECTRONIC MEANS IS NOT PROHIBITED BY INTERNATIONAL AGREEMENT.

The Court may authorize service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Article 10 of the Hague Service Convention specifies a number of alternative methods of service, including postal channels, judicial officers, or other competent persons. China objected to all of the alternative methods of service in Article 10. However, this objection only prohibits service by those means specifically objected to. "Where a signatory nation has objected to only those means of service listed in Article 10, a court acting under

7

Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article 10." *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) (authorizing service by email to defendant in India); *F.T.C. v. PCCare247 Inc.*, 2013 WL 841037 at *3-*4 (S.D.N.Y. 2013) (authorizing service by email and Facebook in India where India objected only to means of service listed in Article 10). Because China has not objected to service by electronic means, this Court may authorize such alternative service pursuant to Rule 4(f)(3). *See e.g., Fendi S.R.L. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, 2021 WL 7707270, at *1 (S.D. Fla. 2021) (granting *ex parte* motion for alternate service of process on Chinese defendants by email and web publication, holding "China has not objected to service by e-mail or Internet publication. Accordingly, service by these means does not violate an international agreement."); *Chanel, Inc. v. designerchanelgirl.com*, 2020 WL 8226843, at *1 (S.D. Fla. 2020) (same). Service of Defendants by Electronic Means Comports with Due Process.

    Federal courts have authorized a variety of electronic service methods where a plaintiff demonstrates the method is likely to notify a defendant of the pendency of the action. The U.S. Bankruptcy Court for the Northern District of Georgia was one of the first federal courts in the country to authorize service of process by

8

electronic mail. *In re Int'l Telemedia Associates, Inc.*, 245 B.R. 713 (Bankr. N.D. Ga. 2000). In doing so, the Court emphasized the reliability of using the defendant's preferred channels of communication:

> If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be among them…. A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party.

*In re Int'l Telemedia*, 245 B.R. at 721. Many courts since the *Telemedia* decision have followed suit and approved of service by electronic means, including email, website publication, and online social media platforms such as Facebook and Twitter. *See, e.g., Rio Props.,* 284 F.3d 1007, 1017 (9th Cir. 2002) (holding "without hesitation" that e-mail service of a foreign online business defendant is constitutional.); *National Association for Stock Car Auto Racing, Inc. v. Does,* 584 F. Supp.2d 824, 826 (W.D.N.C. 2008) (authorizing service by publication on plaintiff's website.); *Popular Enters., LLC v. Webcom Media Group, Inc.,* 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (authorizing service by email); *U.S. v. Mohammad*, 249 F. Supp.3d 450, 454 (D.D.C. 2017) (authorizing service by Facebook message and email); *St. Francis Assisi v. Kuwait Finance House*, 2016 WL 5725002 (N.D. Cal. 2016) (authorizing service by Twitter).

Defendants are e-commerce merchants who purposefully communicate and transact business exclusively by electronic means. Defendants conceal their identities and physical locations in an effort to avoid being served, thereby avoiding liability for their illegal conduct. The only means of communicating with Defendants is by electronic mail or through the messaging service on each Marketplace. Therefore, service by electronic means under these circumstances is particularly warranted. (Declaration of Jeffrey B. Sladkus ¶¶ 24-26.)

Plaintiff proposes to provide notice of the TRO to the Marketplaces, Financial Institutions, and Defendants and to serve Defendants with process by electronic mail using addresses obtained from the Marketplaces and/or Financial Institutions. First, Plaintiff submits that this is a highly reliable method of notifying Defendants, the Marketplaces, and the Financial Institutions of the lawsuit and of serving Defendants with process because Defendants exclusively use these email addresses for corresponding with the Marketplaces and Financial Institutions. Second, Plaintiff anticipates that, once the Marketplaces disable Defendants' virtual storefronts and the Marketplaces and/or Financial Institutions freeze Defendants' assets, many Defendants, either directly or through counsel, will initiate contact with the undersigned counsel via email. Service of process and related documents using these

email addresses, therefore, is very likely to notify Defendants of this action and, as such, comports with Due Process.

Alternatively, should service of process via email fail, Plaintiff can sometimes provide notice using the Marketplaces' internal messaging services. Defendants respond to customer inquiries and accept orders through the Marketplaces messaging services. Therefore, service by this method is also very likely to provide Defendants with actual notice of this action and, therefore, comports with Due Process.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court authorize Plaintiff to notify Defendants, the Marketplaces, and the Financial Institutions of the TRO and to serve the Summonses, Complaint, and all subsequent pleadings and documents upon each Defendant in this action by electronic mail using email addresses provided by the Marketplaces, the Financial Institutions, or Defendants themselves or by other electronic means such as Marketplace messaging platforms.

Dated: March 24, 2025.

                    Respectfully submitted,

                    THE SLADKUS LAW GROUP

*s/ Carrie A. Hanlon*
Carrie A. Hanlon
Ga. Bar No. 289725
E-mail: carrie@sladlaw.com
Jason H. Cooper
Ga. Bar No. 778884
E-mail: jason@sladlaw.com

1397 Carroll Drive
Atlanta, GA 30318
Telephone: (404) 252-0900
Facsimile: (404) 252-0970

**Attorneys for Plaintiff**

## CERTIFICATE OF FONT & SIZE SELECTION

Pursuant to LR 7. 1(D), I certify that this paper was prepared with one of the font and point selections approved by the Court in LR 5.1(B).

*s/ Carrie A. Hanlon*
Carrie A. Hanlon